IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLA SUN MARTIN | Case No.: 1:14-cv-298 |
| Plaintiff, | |
| v. | Judge: _____ |
| STOOPS BUICK, INC., | |
| and | |
| DEBRA TRAUNER, | |
| Defendants. | |

## COMPLAINT

Plaintiff Ella Sun Martin, by and through undersigned counsel, for her Complaint against Defendants Stoops Buick, Inc. and Debra Trauner, states as follows:

### I. NATURE OF THE CASE

Plaintiff Ella Sun Martin seeks damages and other relief against Defendant Stoops Buick, Inc. for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Defendants Stoops Buick, Inc. and Debra Trauner for intentional infliction of emotional distress in violation of Indiana state law.

### II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ella Sun Martin ("Plaintiff") is a 43 year-old female who was born in XingJiang, China and spent most of her life in Shanghai, China before immigrating to the United States in 2003 and becoming a United States citizen in 2007.

2. Plaintiff resides in Marion County, Indiana and was formerly employed by Defendant as a payroll accountant.

3. Defendant Stoops Buick, Inc. ("Stoops") is a corporation organized under the laws of the State of Indiana having its principal place of business at 1251 Quaker Boulevard, Plainfield, Indiana 46168. Stoops is the former employer of Plaintiff.

4. Defendant Debra Trauner ("Trauner") was at all times relevant to this litigation Plaintiff's immediate supervisor. Upon information and belief, Trauner is an individual who resides at 641 South County Road 625 East, Fillmore, Indiana 46128.

5. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(4); and, 42 U.S.C. § 1981, *et seq*. Moreover, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all claims arising under state law, in that such claims are so related to Plaintiff's claims within the original jurisdiction of this Court that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendants because Defendants transact business and/or committed tortious acts within the state of Indiana and this District. Further, venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants conduct business and/or reside in this District, and Plaintiff's injuries occurred in this District.

### III. JOINDER

7. Pursuant to Fed. R. Civ. P. 20(a)(2) Stoops and Trauner are properly joined as Defendants in this action because, as set forth in more detail below, (a) Defendants are jointly and severally liable for causing Plaintiff's emotional harm and distress, or Plaintiff's right to relief for said harm and distress is asserted against Defendants with respect to or arising out of the same occurrence or series of occurrences described below; and, (b) there are common

questions of law and fact; indeed, the claims against Defendants are directly relevant to what extent Stoops and Trauner caused Plaintiff's emotional harm and distress.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") on March 4, 2013 (attached as Exhibit A).

9. Plaintiff received the EEOC's Notice of Right to Sue on or about November 30, 2013 (attached as Exhibit B).

10. Plaintiff has exhausted all administrative remedies and this complaint is filed within ninety days of Plaintiff's receipt of said notice.

## V. STATEMENT OF THE CLAIMS

11. Stoops intentionally and unlawfully harassed, discriminated and retaliated against Plaintiff on the basis of Plaintiff's religion, national origin, and race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Defendants engaged in extreme and outrageous conduct intentionally or with reckless indifference to Plaintiff's civil rights causing Plaintiff severe emotional distress in violation of Indiana state law. Accordingly, Plaintiff seeks damages and other relief.

12. Plaintiff seeks damages and other relief for:

   a. **Count One:** Stoops' intentional and unlawful discrimination of Plaintiff on the basis of her religion, national origin, and race in violation of Title VII, 42 U.S.C. § 2000e-2.

   b. **Count Two:** Stoops' intentional and unlawful termination of Plaintiff in retaliation for Plaintiff's refused participation and opposition to Stoops' unlawful

discriminatory employment practices in violation of Title VII, 42 U.S.C. § 2000e-3.

c. **Count Three:** Defendants' intentional infliction of emotional distress in violation of Indiana state law.

VI. <u>**STATEMENT OF FACTS**</u>

13. Stoops hired Plaintiff as a payroll specialist in March 2012.

14. During Plaintiff's employment with Stoops, Trauner, an office/department manager, was Plaintiff's immediate supervisor.

15. During Plaintiff's employment with Stoops, Jim Meyers ("Myers") was the General Manager of Stoops and Trauner's supervisor.

16. In May 2012, Trauner began questioning Plaintiff about her and her family's religious beliefs and practices. Plaintiff told Trauner she was Buddhist and that her daughter attended church services.

17. From May 2012 to June 2012, Trauner constantly interrogated Plaintiff about why Plaintiff did not attend church, and insisted that Plaintiff should attend Trauner's church. Plaintiff told Trauner attending church would violate her Buddhist convictions.

18. In June 2012, Trauner started constantly asking Plaintiff to read and study the Bible with her.

19. On or about July 12, 2012, Trauner asked Plaintiff if she had reconsidered reading the Bible with her. Plaintiff told Trauner no. Trauner then offered Plaintiff additional part-time employment and stated that Plaintiff would soon receive full-time employment with Stoops.

20. Immediately following the event described in paragraph 19, Trauner:

    a. Told Plaintiff she needed to read the Bible because she lived in America now and reading the Bible would help her in American society;

    b. Explained that she would bring two Bibles to work every Thursday so that Trauner and Plaintiff could read the Bible together in Stoops' company meeting room from 5:00 p.m. to 7:00 p.m.;

    c. Told Plaintiff to clock out by 5:00 p.m. each Thursday before Bible meetings; and,

    d. Instructed Plaintiff not to discuss the Bible meetings with any other Stoops employee.

21. Plaintiff agreed to read the Bible with Trauner fearful that refusing to do so would result in the loss of her new part-time employment and possible full-time position with Stoops.

22. In July 2012, Plaintiff submitted her two-week resignation notice to Knowledge Universe, Plaintiff's other part-time employer at the time.

23. From July 2012 to September 2012, Plaintiff and Trauner participated in Bible Meetings each Thursday from 5:00 p.m. to 7:00 p.m. During the Bible meetings, Trauner:

    a. Read and explained Bible passages to Plaintiff;

    b. Required Plaintiff to read Bible passages aloud to her;

    c. Corrected Plaintiff's pronunciation of words and required Plaintiff to correctly re-pronounce words; and,

    d. Sang hymns to Plaintiff.

24. In September 2012, Plaintiff stopped participating in Bible meetings with Trauner. Plaintiff also returned to part-time employment with Knowledge Universe because Stoops failed to provide Plaintiff additional part-time employment, as promised by Trauner.

25. From October 2012 to January 2013, Trauner constantly asked Plaintiff to resume the Bible meetings.

26. In January 2013, Trauner offered Plaintiff a full-time employment position with Stoops and asked Plaintiff to resign from Knowledge Universe.

27. On or about January 28, 2013, Plaintiff resigned from Knowledge Universe and started full-time employment with Stoops in February 2013.

28. On or about February 22, 2013, Trauner asked Plaintiff to confirm she resigned from Knowledge Universe. Plaintiff confirmed she resigned. Trauner then asked Plaintiff to resume their Bible meetings. Plaintiff refused.

29. On or about February 25, 2013, Stoops by Trauner fired Plaintiff.

30. Immediately after Trauner terminated Plaintiff's employment with Stoops, Plaintiff reported to Meyers, Stoops' General Manager, that Trauner terminated her for refusing to participate in Bible meetings with Trauner. Meyers told Plaintiff there was nothing he could do.

31. At all times during Plaintiff's employment with Stoops, Plaintiff met Stoops' legitimate expectations and performed pursuant to the requirements for her position and beyond.

32. Upon information and belief, at all times relevant to this litigation, Plaintiff was the only employee of Defendant who was not Caucasian, not Christian, and not a citizen of the United States *jus soli*.

## COUNT ONE
## Discrimination based on Religion, National Origin, and Race

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 as if fully restated herein.

34. Stoops unlawfully harassed and discriminated against Plaintiff on the basis of Plaintiff's religion, national origin, and race in violation of Title VII.

35. Stoops engaged in harassment and discrimination with malice or reckless disregard to Plaintiff's federally protected rights on the basis of Plaintiff's religion, national origin, and race in violation of Title VII.

36. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a result of Stoops' intentional and unlawful discriminatory practices.

## COUNT TWO
### Retaliation

37. Plaintiff incorporates the allegations contained in paragraphs 1 through 36 as if fully restated herein.

38. Stoops retaliated against Plaintiff with malice or reckless disregard by denying her opportunities for employment and/or terminating her employment on the basis of her opposition to Stoops' unlawful employment practices in violation of Title VII.

39. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a result of Stoops' unlawful retaliatory practices.

## COUNT THREE
### Intentional Infliction of Emotional Distress

40. Plaintiff incorporates the allegations contained in paragraphs 1 through 39 as if fully restated herein.

41. Defendants' calculated and premeditated unlawful discrimination and retaliation of Plaintiff on the basis of Plaintiff's religion, national origin, and race was extreme and outrageous and performed intentionally or with reckless indifference to Plaintiff's protected civil rights in violation of Title VII and Indiana state law.

42. As a direct and proximate result of Defendants' said acts, Plaintiff has suffered and continues to suffer severe emotional distress in the form of, including but not limited to, humiliation, frustration, embarrassment, anxiety, and depression.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised by Plaintiff's Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment:

1. In favor of Plaintiff and against Defendants on all of Plaintiff's claims;

2. Awarding Plaintiff all pay and benefits Plaintiff lost or was deprived of as a result of Stoops' unlawful discrimination and retaliation against her and interest thereon; full back pay and interest on back pay; front pay; all medical and out-of-pocket expenses and interest thereon; and/or all such other affirmative action or equitable relief authorized under Title VII;

3. Awarding to Plaintiff compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a)(1);

4. Awarding to Plaintiff her reasonable attorney's fees, costs, and expenses pursuant to Title VII, 42 U.S.C. § 2000e-5(k), and/or other applicable law; and,

5. Awarding Plaintiff all other such relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Plaintiff*
*Ella Sun Martin*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2014 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and by Ordinary United States Mail to parties without access to the Court's system. Parties may access this filing through the Court's system.

Stoops Buick, Inc.
c/o Jeffrey Stoops
1851 West Thompson Road
Indianapolis, IN 46217

Debra Trauner
641 South County Road 625 East
Fillmore, IN 46128

*/s/ Gabriel J. Quearry*
Attorney for Plaintiff