UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLA SUN MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:14-cv-00298-RLY-DKL |
| | ) |
| STOOPS BUICK INC., and | ) |
| DEBRA TRAUNER, | ) |
| | ) |
| Defendants. | ) |

## CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.    Plaintiff:    Ella Sun Martin

        Counsel for Plaintiff:    Gabriel J. Quearry
                             QUEARRY LAW, LLC
                             386 Meridian Parke Lane, Suite A
                             Greenwood, IN  46412
                             Telephone:  (317) 285-9896
                             Facsimile:  (317) 534-3069
                             Email:  gq@quearrylaw.com

        Defendants:    Stoops Buick, Inc. and Debra Trauner

        Counsel for Defendant:    Jeffrey B. Halbert
                             Bose McKinney & Evans LLP
                             111 Monument Circle, Suite 2700
                             Indianapolis, IN  46204
                             Telephone:  (317) 684-5000
                             Facsimile:  (317) 684-5173
                             Email:  jhalbert@boselaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.     Jurisdiction and Statement of Claims

A.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a) (supplemental jurisdiction).

B.   **Plaintiff's Statement of Claims.**

Plaintiff asserts that Stoops intentionally and unlawfully and with malice or reckless disregard for Plaintiff's federally protected rights, harassed, discriminated and retaliated against Plaintiff on the basis of Plaintiff's religion, national origin, and race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Accordingly, Plaintiff seeks damages and other relief. Plaintiff asserts that Stoops intentionally and unlawfully terminated Plaintiff with malice or reckless disregard for Plaintiff's federally protected rights in retaliation for Plaintiff's refused participation and opposition to Stoops' unlawful discriminatory employment practices in violation Title VII. Accordingly, Plaintiff seeks damages and other relief. Further, Defendants engaged in extreme and outrageous conduct intentionally or with reckless indifference to Plaintiff's civil rights causing Plaintiff severe emotional distress in violation of Title VII and Indiana state law.

C.   **Defendant's Statement of Facts.**

Stoops Buick, Inc. hired Plaintiff on or around March 28, 2012 for a newly created position of Accounting Clerk, on a part time basis. Plaintiff interviewed and met with Ms. Trauner who based the decision to hire Plaintiff on the credential she presented indicating that she possessed the requisite accounting, educational and other skills believed to be necessary to perform the position. Plaintiff was primarily responsible for payroll at the dealership and performed other accounting functions within the Administration Office under Ms. Trauner's supervision. Following the completion of Plaintiff's 90-day introductory employment period she experienced difficulties reconciling bank statements and committed numerous errors relating to payroll. This was a recurring problem despite adequate training on the dealership's payroll system. During the summer of 2012 Martin indicated that her daughter wanted to be baptized and how she didn't understand Christianity. Ms. Trauner volunteered to help Plaintiff understand her daughter's request by reading the Bible. Plaintiff agreed and she and Ms. Trauner met after work hours one day per week during the summer of 2012 for this purpose. Subsequently, in or around early Fall of 2012, Martin indicated that due to her childrens' extra-curricular activities she would have to forego meeting with Ms. Trauner. No issues were raised regarding Plaintiff's meetings with Ms. Trauner. In late December 2012, Martin requested to work additional hours and Ms. Trauner moved Plaintiff to full-time in January 2013. During this period and throughout, Plaintiff continued to have difficulties in terms of payroll and other accounting responsibilities. Several complaints were voiced from employee's in terms of the mistakes with their compensation which were directed, in part, to Ms. Trauner to rectify. Due to the nature of the responsibilities

of Plaintiff's position to the overall operation of the dealership, Ms. Trauner explored and secured a more suitable candidate for the position. On February 25, 2013, Ms. Trauner informed Plaintiff that her employment was terminated in that it was apparent that she did not possess the necessary skills to sufficiently perform the responsibilities associated with her position.

There is no evidence to support Plaintiff's allegations. The Stoops Defendants deny that Plaintiff or other employee was subjected to disparate treatment on the basis of their national origin, religion, race or any other protected characteristic in their terms and conditions of employment nor was Plaintiff subjected to a prohibited hostile work environment. In addition, the Stoops Defendants deny that Plaintiff was subjected to retaliatory reprisal for engaging in activity protected by Title VII or other applicable federal law. In fact, Plaintiff never engaged in such activity for purposes sufficient to support a claim under Title VII. Further, Plaintiff cannot show that any intentional and/or unintentional act was taken against her based on prohibited discrimination nor that she has incurred any alleged damages as a result thereof for purposes of her emotional distress claim. As such, Plaintiff is not entitled to any relief. The Stoops Defendants has raised several defenses, including but not limited to, failure to state a claim, statute of limitations, failure to exhaust required administrative remedies, and failure to take advantage of preventative and/or corrective opportunities afforded to Plaintiff by Stoops.

    D.    Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    The parties are excused from their obligations to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 by virtue of this Court's March 10, 2014 Order Regarding Initial Discovery in Certain Employment Cases.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **July 28, 2014**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **August 27, 2014**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 28, 2014**.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **July 28,**

The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service. These should be emailed to the magistrate judge at MJLarue@insd.uscourts.gov.

        **2014**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.    Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 27, 2015**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff(s) serves its expert witness disclosures; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **April 27, 2015**.

G.    If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel on or before **December 26, 2014**. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **60 days before trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before **April 27, 2015**. The list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

==[annotation, highlighted]: The list of final witnesses shall include a brief synopsis of the expected testimony and counsels certification that the witness has been interviewed and/or deposed.==

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    The parties have discussed preservation and disclosure of electronically stored discovery information and do not believe that a substantial volume of electronically stored information ("ESI") will be produced in this case.

        Plaintiff may seek discovery of ESI, including but not limited to, with regard to the following:

1. Any and all computer devices, including but not limited to cellular phones and computer hard drives, owned or used by Defendant Trauner and Jim Myers;
2. Any and all computer devices, including but not limited to computer hard drives, used by Plaintiff while employed by Defendant Stoops Buick, Inc.;
3. Any and all computer devices, including but not limited to cellular phones and computer hard drives, identified by Plaintiff during the course of discovery as having the potential to contain information relating to Plaintiff's claims against Defendants and Defendants' denials and affirmative defenses; and,
4. Any and all computer devices, including but not limited to computer hard drives and external storage devices, which may contain information relating to the financial position of Defendant Stoops Buick Inc. and Defendant Trauner.  **Note: Counsel for Defendants objects to Plaintiff's planned discovery of ESI relating to the financial positions of Defendants on grounds that there are less intrusive means for obtaining the same, such as through Defendants' responses to Plaintiff's written discovery requests.**

Defendant may seek discovery of electronically stored information with regard to the following:

1. Plaintiff's allegations as alleged in her Complaint;
2. Defendants' denials and affirmative defenses; and,
3. The extent, nature, severity and amount of Plaintiff's damages and whether she has mitigated her damages.

Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

1. <u>Nature of Production of ESI.</u> Electronic discovery shall be produced to the requesting party in the format and manner specified by the requesting party.  If the requesting party fails to specify a format for the production of ESI, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents in .pdf or native format on a CD or DVD, by e-mail, or by other electronic means. If the receiving party does not specify a format and manner of production, and determines in good faith that a disclosure of ESI in a printed or .pdf format does not adequately allow the party to review the ESI, the receiving party may request that an electronic copy may be provided to it. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, the producing party shall provide the

    requesting party with such ESI in the format and manner specified by the requesting party.  If the producing party determines that said production of ESI cannot be made in the format and manner specified by the requesting party because it is not commercially reasonable, the producing party shall provide the requesting party with a statement detailing the reasons why compliance with the request is commercially unreasonable, including the estimated cost of production, the estimated time of production, and any sources upon which the producing party relied on in preparing said statement.

2. Cost and Burden of Producing Electronic Discovery. If any party requests to examine a computer device, server, voice mail system, or other electronic device or component containing ESI, the producing party shall bear the cost of preparation and production for delivering the device in the specified format and manner, or for making the device available for inspection in the specified format and manner, and the requesting party shall bear the costs of the examination of the computer device, server, voice mail system, or other electronic device or component containing the ESI.  If the requesting party fails to specify the format and manner for making production of the device or format and manner for inspection, and the producing party may demand that the requesting party examine the device or component at a mutually agreeable time and in a mutually agreeable commercially reasonable manner.

3. Unintentional Disclosure of Privileged Documents.  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. The parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Rule 26 and Rule 37 of the Federal Rules of Civil Procedure and/or other applicable rule or law.

4. Preservation of Data. The parties have been and continue to be on notice by virtue of the administrative proceedings and initiation of this cause of

    action that the parties have been and continue to be under a duty to preserve all electronic data relevant to the this matter, and the parties are under an obligation to preserve all electronic data relevant to either party's claims or defenses.

  5. <u>Additional Issues</u>. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties shall confer in good faith to resolve any matter or dispute before contacting the chambers of the Magistrate Judge pursuant to S.D. Ind. L.R. 37-1.

L. The parties will not only number but will also add a descriptive identifier for any exhibits which are electronically filed (*e.g.*, Exhibit 1 – Affidavit of John Smith).

## IV. <u>Discovery[1] and Dispositive Motions</u>

 A. Plaintiff believes this case is appropriate for summary judgment or other dispositive motion on the following basis:

Plaintiff will seek summary judgment in this case, at a minimum, because Plaintiff will satisfy her burden of establishing a *prima facie* case of employment discrimination on the basis of Plaintiff's race, religion, and national origin in violation of Title VII. Discovery will show that there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law with respect to each count contained in her complaint. Discovery will show that Defendant Stoops Buick, Inc.'s stated reasons for forcing Plaintiff to participate in Bible studies, terminating Plaintiff's employment, and other discriminatory conduct, are just a pretext for Stoops' harassment, discrimination, and retaliatory termination of Plaintiff on the basis of her race, religion, and national origin in violation of Title VII. Discovery will show that no genuine dispute of material fact exists because Stoops engaged in prohibited employment practices, made prohibited employment decisions, and discriminated against Plaintiff for attempting to protest or correct Stoops' discriminatory conditions of employment in violation of Title VII; namely: (i) Stoops' intentional and malicious or reckless harassment of Plaintiff to conform with Stoops' accepted racial, religious, and ethno-cultural employment environment, policies, and practices; (ii) Stoops' malicious or recklessly requiring Plaintiff to participate in Bible studies without pay as a condition of her employment with

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Stoops; (iii) Stoops' intentional and malicious or reckless retaliatory termination of Plaintiff for refusing to participate in, attempting to protest or correct Stoops' discriminatory conditions of employment; (iv) Stoops' intentional and malicious or reckless disparate treatment of Plaintiff on the basis of her race, religion, and national origin; (v) Stoops' intentional and malicious or reckless premeditated harassment of Plaintiff and termination of Plaintiff's employment after insuring that Plaintiff had resigned from other employment to which she could not return as to inflict emotional distress upon Plaintiff in such an extreme and outrageous manner that it exceeds the bounds of ordinary decency and shocks the conscience of a reasonable juror.

> B.  Defendant believes this case is appropriate for summary judgment and intends to file such a motion on the following basis:

The Stoops Defendants will seek summary judgment in this case, at a minimum, because Plaintiff will not be able to make out a prima facie case of discrimination in violation of Title VII or 42 U.S.C. §1981.  Plaintiff is unable to establish for purposes of Title VII that she was subjected to disparate treatment on the basis of her national origin, religion or race, that any alleged harassment was both subjectively and objectively so severe to alter the terms and conditions of Plaintiff's employment, or that she was subjected to unlawful retaliation for engaging in protected activity.  Plaintiff failed to take advantage of available avenues to complain about the conduct alleged in her complaint.  Thus, Plaintiff cannot show that Stoops was negligent either in discovering or remedying the alleged discriminatory treatment and/or harassment.  Finally, Plaintiff cannot show that similarly situated individuals outside of the applicable protected class(es) received more favorable treatment.  Further, Plaintiff cannot show that the legitimate non-discriminatory reasons justifying her termination are a pretext for unlawful discrimination.  Finally, in terms of Plaintiff's claims for intentional infliction of emotional distress under Indiana state law, Plaintiff cannot and will not be able to show that the Stoops Defendants committed any intentional act on the basis of any protected characteristic against Plaintiff nor that Plaintiff suffered any alleged damage (emotional or otherwise) as a result thereof.

> B.   Select the track that best suits this case:

\_\_\_X\_\_\_  Track 2: Dispositive motions are expected and shall be filed by **March 27, 2015**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 27, 2015**; expert witness discovery and discovery relating to damages shall be completed by **June 26, 2015**.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

The parties expect a pretrial conference with the Magistrate Judge in this matter. At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties recommend a settlement conference in **December 2014**.

*The Court has scheduled this matter for an Initial Pretrial Conference with Magistrate Judge Denise LaRue on May 5, 2014. It is anticipated that the parties will discuss with the Court the appropriate setting of a settlement conference at that time.*

VI. **Trial Date**

The presumptive trial date is **October 2015**. The trial is by jury and is anticipated to take 4-5 days.

VII. **Referral to Magistrate Judge**

A. **Case.** At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. At this time, Plaintiff consents to referring motions to the currently assigned Magistrate Judge, but Defendant does not.

VIII. **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

9

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped

      depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. **Other Matters**

    None.

Respectfully submitted,


/s/*Gabriel J. Quearry*                                                /s/*Jeffrey B. Halbert*
Gabriel J. Quearry                                                        Jeffrey B. Halbert

Attorney for Plaintiff,                                     Attorney for Defendants,
Ella Sun Martin                                                  Stoops Buick, Inc. and Debra Trauner

| | |
|---|---|
| __X__ | PARTIES APPEARED IN PERSON/BY COUNSEL ON <u>MAY 5, 2014</u> FOR AN INITIAL PRETRIAL CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
| __X__ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| __X__ | A STATUS CONFERENCE IS SET IN THIS CASE FOR **SEPTEMBER 4, 2014** AT **8:30 A.M.** COUNSEL SHALL APPEAR: |
| | _____ IN PERSON IN ROOM _____; OR |
| | _____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR |
| | __X__ BY TELEPHONE, WITH COUNSEL CALLING THE NUMBER WHICH WILL PROVIDED BY EMAIL. |
| __X__ | DISPOSITIVE MOTIONS SHALL BE FILED BY **MARCH 27, 2015.** |
| __X__ | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **JANUARY 27, 2015.** |

If the required conference under LR 37.1 does not resolve discovery issues that may arise, and if the dispute does not involve a claim of privilege, the parties are ordered *jointly* to request a phone status conference before filing any motion to compel or for protective order.  If the dispute has arisen because a party has failed to timely respond to discovery, the party that served the discovery may proceed with a motion to compel without seeking a conference.  Any contacts with the court to request a discovery conference must be made jointly by counsel, absent compelling circumstances.

When filing a non-dispositive motion, the movant shall contact counsel for the opposing party and solicit opposing counsel's agreement to the motion.  The movant shall indicate opposing counsel's consent or objection in the motion.

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**


Date:  08/20/2014

_Denise LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution:

Jeffrey B. Halbert
BOSE MCKINNEY & EVANS, LLP
jhalbert@boselaw.com

Gabriel J. Quearry
QUEARRY LAW, LLC
gq@quearrylaw.com