UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLA SUN MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:14-cv-298 RLY-DKL |
| ) | |
| STOOPS BUICK INC., and ) | |
| DEBRA TRAUNER, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' STATEMENT OF DEFENSES

Pursuant to the Case Management Plan approved by the Court on August 20, 2014, Defendants, Stoops Buick Inc. ("Stoops Buick") and Debra Trauner ("Ms. Trauner") (collectively, "Defendants"), by counsel, respectfully submit their statement of defenses and legal theories to be proven at trial:

1.     Stoops Buick hired Plaintiff on or around March 28, 2012 for a newly created position of Accounting Clerk, on a part time basis. Plaintiff interviewed and met with Ms. Trauner who based the decision to hire Plaintiff on the credentials she presented indicating that she possessed the requisite accounting, educational and other skills believed to be necessary to perform the position. Plaintiff was primarily responsible for payroll at the dealership and performed other accounting functions within the Administration Office under Ms. Trauner's supervision.

2.     Following the completion of Plaintiff's 90-day introductory employment period she experienced difficulties reconciling bank statements and committed errors relating to payroll. Plaintiff continued to receive training on the dealership's payroll system and other functions of her position for the duration of her employment.

3. During the summer of 2012, Plaintiff indicated that her daughter wanted to be baptized and how she didn't understand Christianity. Ms. Trauner volunteered to help Plaintiff understand her daughter's request by reading the Bible. Plaintiff agreed and she and Ms. Trauner met after work hours one day per week during the summer of 2012 for this purpose.

4. Subsequently, in or around September 2012, Plaintiff indicated that due to her childrens' extra-curricular activities she would have to forego meeting with Ms. Trauner. No issues were raised regarding Plaintiff's meetings with Ms. Trauner.

5. In late December 2012, Plaintiff requested to work additional hours and Ms. Trauner moved Plaintiff to a full-time position in late January 2013. During this period and throughout, Plaintiff continued to have difficulties in terms of payroll and other accounting responsibilities. Several complaints were voiced from employees in terms of the mistakes with their compensation which were directed, in part, to Ms. Trauner or others to rectify.

6. In late January 2013, Ms. Trauner received an inquiry from an individual seeking prospective employment with the dealership.

7. The prospective candidate had extensive knowledge and experience in the automotive retail industry relative to payroll, human resources and all related functions.

8. Ms. Trauner met with the prospective candidate during the month of February 2013.

9. On February 25, 2013, Ms. Trauner informed Plaintiff that her employment was terminated in that it she did not possess the necessary skills to sufficiently perform the responsibilities associated with her position.

10. There is no evidence to support Plaintiff's allegations. Defendants deny that Plaintiff or any other employee was subjected to disparate treatment on the basis of their national

origin, religion, race or any other protected characteristic in their terms and conditions of employment nor was Plaintiff subjected to a prohibited hostile work environment.

11. Defendants deny that Plaintiff was subjected to retaliatory reprisal for engaging in activity protected by Title VII or other applicable federal law. In fact, Plaintiff never engaged in such activity for purposes sufficient to support a claim under Title VII.

12. Plaintiff cannot show that any intentional and/or unintentional act was taken against her based on prohibited discrimination nor that she has incurred any alleged damages as a result thereof for purposes of her emotional distress claim.

13. To the extent Plaintiff's complaint asserts matters beyond the applicable statute of limitations or beyond the face of an appropriately filed charge of discrimination Plaintiff cannot obtain relief for those matters.

14. Plaintiff has failed to exhaust her administrative remedies in that she failed to allege race discrimination at the time she filed her charge of discrimination with the Equal Employment Opportunity Commission.

15. Defendants are also entitled to an inference of non-discrimination (the same actor inference) because Ms. Trauner is the same individual who interviewed, hired and supervised Plaintiff. If Ms. Trauner were concerned about Plaintiff's religion, race, national origin, or other protected characteristic, she would not have been inclined to hire Plaintiff in the first place or to continue to employ Plaintiff and provide her with additional benefits associated therewith.

16. Plaintiff's claims under Title VII also fail as a matter of law because Plaintiff failed to take advantage of preventative and/or corrective opportunities afforded by Defendants.

17. Even if Plaintiff can satisfy her *prima facie* burden, she cannot show that Defendants' reason for her termination or any other employment decision was pretextual.

18. All employment decisions regarding or affecting Plaintiff were based upon legitimate, good faith, non-discriminatory business reasons that were in no way related to any discriminatory or retaliatory motive, intent, or action.

19. Plaintiff is not entitled to punitive damages because Defendants did not willfully violate any of her federally protected rights.

20. Plaintiff's Title VII claim is subject to the statutory limitations set forth in 42 U.S.C. § 1981a(a)(2)-(3) and (b)(3).

21. Defendants engaged in no intentional act that can be deemed to be extreme or outrageous sufficient to support Plaintiff's claim for intentional infliction of emotional distress.

22. Defendants did not engage in any conduct with knowledge that such conduct would inflict or result in severe emotional distress to Plaintiff.

23. Plaintiff has not suffered severe emotional distress as a result of any alleged intentional or knowing conduct of Defendants.

24. Finally, Plaintiff was under an affirmative obligation to mitigate her damages and she has failed to take reasonable steps to properly do so.

Respectfully submitted,

s/*Jeffrey B. Halbert*
Jeffrey B. Halbert  (#22727-49)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000; (317) 684-5173
JHalbert@boselaw.com

*Attorney for Defendants, Stoops Buick, Inc. and Debra Trauner*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2015, a copy of the foregoing "Defendant's Statement of Defenses" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Gabriel J. Quearry, Esq.
>QUEARRY LAW, LLC
>386 Meridian Parke Lane, Suite A
>Greenwood, IN 46142
>gq@quearrylaw.com

>s/*Jeffrey B. Halbert*
>Jeffrey B. Halbert

2646319/8595.0075