IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLA SUN MARTIN | Case No.: 1:14-cv-00298-RLY-DKL |
| Plaintiff, | |
| v. | |
| STOOPS BUICK, INC., | |
| and | |
| DEBRA TRAUNER, | |
| Defendants. | |

## PLAINTIFF'S FINAL WITNESS AND EXHIBIT LISTS

Pursuant to the Court's Case Management Plan, as amended [*See* Dkts. 15, 34], Ella Sun Martin ("Plaintiff"), by counsel, respectfully files herein her Final Witness and Exhibit Lists.

### FINAL WITNESS LIST

Plaintiff identifies the following individuals as witnesses Plaintiff expects to call during her case-in-chief at trial and provides a brief synopsis of each witness's expected testimony:

1.  Ella Sun Martin.  Expected to testify that Stoops Buick, Inc. ("Stoops"), by Debra Trauner, harassed Plaintiff to participate in Bible meetings, attend Christian church services, and convert to the Christian religion throughout Plaintiff's employment with Stoops while knowing that Plaintiff was a Buddhist, and that Stoops, by Trauner, terminated Plaintiff's employment with Stoops in February 2013 because Plaintiff refused to participate in Bible meetings with Trauner.

2. Tine Martin. Expected to corroborate Plaintiff's testimony about events that occurred during the time Plaintiff participated in Bible meetings at Stoops with Trauner in 2012, and that he personally observed Plaintiff's symptoms of anxiety and depression following Plaintiff's termination from Stoops.

3. Diana Nance. Expected to testify that she is a white female born in the United States of America; about the number of non-white individuals she observed Stoops employ during her employment with Stoops; that she made mistakes in performing her job duties during the time Plaintiff was employed by Stoops; that Stoops refused to accommodate her disability while she was employed by Stoops; and, based on events she personally observed while Plaintiff was employed by Stoops, that Stoops terminated Plaintiff's employment based on Plaintiff's national origin.

4. Sherry Rowland. Expected to testify that she is a white female born in the United States of America; that she is a Christian; about the number of non-white individuals she observed Stoops employ during her employment with Stoops; that she made mistakes in performing her job duties during the time Plaintiff was employed by Stoops; that Debra Trauner discussed her religious beliefs at Stoops and that Trauner attempted to instill her own religious beliefs on others; and, that she personally observed Plaintiff inform Trauner that she was a Buddhist.

5. Marsha Dillion. Expected to testify regarding Plaintiff's employment with KinderCare, and Plaintiff's two resignations from her part-time employment with KinderCare.

6. Debra Trauner. Expected to testify about her Bible meetings with Plaintiff, religious literature she brought to Plaintiff at Stoops, and discussions she had with Plaintiff about the Christian religion; her hiring, training, and supervision of Plaintiff; her job duties and

2

responsibilities as Stoops' Office Manager; Stoops' promotion of Plaintiff to a full-time employment position in January 2013; and Stoops' termination of Plaintiff's employment with Stoops in February 2013.

7. Linda Robinson. Expected to testify that she is a white female born in the United States of America; that she is a Christian; about her job duties during the course of her employment with Stoops; about the number of non-white individuals she observed Stoops employ during her employment with Stoops; that documents allegedly showing mistakes or errors made by Plaintiff during her employment do not or are not sufficient to establish that Plaintiff made mistakes or errors during her employment with Stoops.

8. Carole Schrage. Expected to testify that she is a white female born in the United States of America; that she is a Christian; about the number of non-white individuals she observed Stoops employ during her employment with Stoops; about her job duties and responsibilities with Stoops; and, about events she observed the day Stoops terminated Plaintiff's employment

9. Julie Fredbloom. Expected to testify that she is a white female born in the United States of America; that she is a Christian; that she made mistakes and errors during the course of her employment with Stoops; and, about matters relating to her job duties and responsibilities in Stoops' Office Department.

10. Jennifer Mazura. Expected to testify that she is a white female born in the United States of America; that she is a Christian; that she made mistakes and errors during the course of her employment with Stoops; that Stoops held daily prayer meetings at the dealership; and, about matters concerning her job duties and responsibilities in Stoops' Office Department.

11.	Dawn Roush.  Expected to testify that she is a white female born in the United States of America; that she is a Christian; that she made mistakes and errors during her employment with Stoops; that General Manager, James Myers, led daily prayer meetings at the dealership; and, about matters concerning her job duties and responsibilities in Stoops' Office Department.

12.	Lisa Goodin.  Expected to testify that she a white female Christian who was born in the United States of America, and about matters relating to the circumstances and timing of Stoops' hiring her to replace Plaintiff's position.

13.	Kellie Stocking.  Expected to testify about her job duties and responsibilities as Stoops' Service Department manager, and Stoops' payroll reporting procedures.

14.	James Jarvis.  Expected to testify about his job duties and responsibilities as Stoops' Sales Department manager, and Stoops' payroll reporting procedures.

15.	James Myers.  Expected to testify about Stoops' daily prayer meetings; his knowledge of alleged mistakes and errors Plaintiff made during her employment; his supervision of the Office Department and Office Department manager (Trauner); and matters concerning Plaintiff's employment and termination from Stoops.

16.	Dr. Philip Borders.  Expected to testify about his treatment of Plaintiff following Stoops' termination of Plaintiff's employment; his diagnoses of Plaintiff's conditions as a result of Stoops' termination of Plaintiff's employment; and, matters contained in his patient examination reports for Plaintiff.

17.	Dr. Kathryn Colteryahn.  Expected to testify about her treatment of Plaintiff following Stoops' termination of Plaintiff's employment; her diagnoses of Plaintiff's conditions as a result of Stoops' termination of Plaintiff's employment; matters contained in her patient

examination reports for Plaintiff; and, her referral of Plaintiff to Dr. Philip Borders for treatment caused by Stoops' termination of Plaintiff's employment.

18. All witnesses not identified above but who are necessary for the purposes of authenticating documents, or to rebut or impeach the testimony of any of Defendants' witnesses at trial.

## FINAL EXHIBIT LIST

Plaintiff identifies the following documents that she expects to introduce as exhibits during her case-in-chief at trial in this matter:

1. Stoops' advertisement placed in the Hendricks County Flyer for the position applied for and held by Plaintiff.

2. Plaintiff's November 8, 2011 letter and resume.

3. Plaintiff's Application for Employment.

4. Stoops' Employee Handbook.

5. Plaintiff's June 8, 2012 90-day Performance Review.

6. Plaintiff's July 18, 2012 letter of resignation to KinderCare.

7. Plaintiff January 28, 2013 letter of resignation to KinderCare.

8. Plaintiff's Harrison College Documents.

9. Plaintiff's email exchanges with Linda Robinson regarding Robinson's reference letter for Plaintiff.

10. Plaintiff's timelines, journals, and notes of events recorded during or following her employment and termination with Stoops.

11. Plaintiff's medical and billing records from Dr. Philip Borders.

12. Plaintiff's medical and billing records from Dr. Kathryn Colteryahn.

13. Lisa Goodin's cover letter and resume to Stoops.

14. Lisa Goodin's application for employment with Stoops.

15. All documents produced by Stoops and Debra Trauner in response to Plaintiff's requests for production of documents (STOOPS_000001-000317).

16. All responses provided by Stoops in response to Plaintiff's interrogatories to Stoops.

17. All documents and responses provided by Plaintiff in response to Defendants' discovery requests.

18. All documents identified as deposition exhibits by either party.

19. All depositions of witnesses determined to be unavailable witnesses under Federal Rule of Civil Procedure 32(a)(4).

20. All documents produced by either party in their initial disclosures, preliminary exhibit lists, or final exhibit lists.

21. All documents evidencing damages Plaintiff suffered as a result of Stoops' unlawful and discriminatory termination of her employment, including but not limited to paystubs, payroll registers, medical bills and prescription expenses, and bills or receipts for all out-of-pocket expenses.

22. All documents not identified above that are necessary for the purposes of rebuttal or impeachment.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)

              (317) 882-5602 (facsimile)
              *Attorney for Plaintiff*
              *Ella Sun Martin*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on August 28, 2015 a copy of the foregoing document was submitted electronically to the individual(s) at the address(es) listed below.

 Jeffrey B. Halbert
 BOSE MCKINNEY & EVANS, LLP
 JHalbert@boselaw.com

 Philip Zimmerly
 BOSE MCKINNEY & EVANS, LLP
 PZimmerly@boselaw.com

              */s/ Gabriel J. Quearry*
              Gabriel J. Quearry