# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **ELLA SUN MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **No. 1:14-cv-00298-RLY-DKL** |
| **STOOPS BUICK, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Entry and Order on** *Plaintiff's First Motion for Extension of Time* **[dkt. #46],** *Plaintiff's Second Motion for Extension of Time* **[dkt. #48] and** *Plaintiff's Motion Requesting Permission to File Amended Response Brief Exceeding Page Limitation* **[dkt. #51]**

This cause comes before the Court on *Plaintiff's Second Motion for Extension of Time to File Brief in Response to Defendants' Motion for Summary Judgment* [dkt. #48] and *Plaintiff's Motion Requesting Permission to File Response Brief Exceeding Page Limit and for Leave to File Amended Response Brief* [dkt. # 51]. Defendants have filed their response in opposition to the motions. Chief Judge Young has referred these motions to the undersigned for ruling.

Defendants filed their summary judgment motion and 33-page supporting brief on September 17, 2015; Plaintiff's response brief was due October 19, 2015. On October 19, Plaintiff filed her first motion for an enlargement of time [dkt. #46], seeking a two-day enlargement to October 21 within which to respond. Late on October 21, however, Plaintiff's counsel experienced technical difficulties in electronically filing the response. Although he attempted to file the response by the deadline, he did not succeed. Counsel worked into the early morning hours on October 22. Just before 5 a.m. on October 22, he

filed Plaintiff's 66-page response brief but without filing the evidence she relied on in support.  On October 23, counsel filed Plaintiff's Second Motion for Extension of Time.  Plaintiff seeks a modest extension of time to file her amended response brief and supporting materials—to and including October 30, eleven days from the original deadline.  Plaintiff attributes the inability to file her response on October 21 to the volume of discovery materials cited in support of her brief and the related technical difficulties with electronic filing.

Plaintiff has shown good cause for granting her motion for an extension of time after the deadline for filing her response has passed as required by Fed. R. Civ. P. 6(b)(1)(B) (allowing an extension of time after the time for acting has expired where the failure to act was "because of excusable neglect").  The determination of whether neglect is "excusable" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'shp*, 507 U.S. 380, 395 (1993).  Plaintiff encountered technical difficulties in timely filing her response.  The danger of prejudice to Defendants is slight, the length of delay is brief, and the potential impact on the judicial proceedings is minimal.  The Court notes that this cause is set for trial on March 21, 2016.  The brief delay in the filing of Plaintiff's amended response should not impact the trial setting.  Under these circumstances and in the interest of resolving this matter on the merits, the Court finds that Plaintiff has made an adequate showing that her failure to act by the deadline was due to excusable neglect.

Plaintiff filed a 66-page brief but did not request leave to file a brief exceeding the page limits in Local Rule 7-1(e)(1). The brief has no table of contents, statement of issues, or table of authorities, as Local Rule 7-1(e)(3) requires. She seeks leave to correct these omissions in her response brief. She cites the large volume of discovery materials cited in support of her response as one reason for filing a brief in excess of 35 pages. She also asserts that this case presents an unsettled issue under Seventh Circuit law regarding the scope of the charges contained in the EEOC complaint, which required more extensive briefing than might otherwise be required.

Plaintiff has demonstrated sufficient reasons for filing a brief in excess of the 35-page limit in the Local Rule. However, the Court has reviewed Defendants' 33-page brief filed on October 23 and finds that Plaintiff does not need 66 pages to adequately respond to the summary judgment motion. (The table of contents, table of authorities, and certificate of service are not included within the page limitation. *See* S.D. Ind. L.R. 7-1(e)(1).) The Court will allow Plaintiff to file an amended response **not to exceed 50 pages**.

Accordingly, *Plaintiff's Second Motion for Extension of Time to File Brief in Response to Defendants' Motion for Summary Judgment* [dkt. #48] is **GRANTED** and Plaintiff is **ALLOWED** to and including **October 30, 2015**, within which to file her amended response to Defendants' summary judgment motion. *Plaintiff's Motion Requesting Permission to File Response Brief Exceeding Page Limit and for Leave to File Amended Response Brief* [dkt. # 51] is **GRANTED** and Plaintiff is **ALLOWED** to file an amended response brief exceeding 35 pages but not to exceed **50 pages** in length.

Plaintiff's first *Motion for Enlargement of Time to File Brief in Response to Defendants'*
*Motion for Summary Judgment* [dkt. #46] is **DENIED AS MOOT**.

Defendants shall have to and including **November 23, 2015**, within which to file
their reply.

**So Ordered this date:**  10/29/2015


Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Electronic Distribution to All Counsel of Record

4