UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLA SUN MARTIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STOOPS BUICK, INC., )<br>)<br>Defendants. ) | 1:14-cv-00298-RLY-DKL |

**ENTRY ON DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS' TESTIMONY OR, IN THE ALTERNATIVE, TO REQUIRE SUPPLEMENTATION OF EXPERT DISCLOSURES**

This case arises out of Defendant's decision to terminate Plaintiff's employment on February 25, 2013. This matter is set for trial on September 12, 2016, for a jury to resolve Plaintiff's claims alleging that Defendant's decision was the product of religious discrimination. Defendant now moves to exclude the testimony of Philip Borders, M.D. and Kathryn Colteryahn, M.D., two witnesses disclosed as experts by Plaintiff, for their alleged failure to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2). Alternatively, Defendant requests that Plaintiff be required to supplement these deficient expert disclosures. For the reasons set forth below, Defendant's motion is **GRANTED** in part and **DENIED** in part.

1

## I. Discussion

### A. Rule 26(a)(2)(C) Disclosures

A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must include a full written report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The 2010 Amendment to Rule 26 added 26(a)(2)(C), stating that non-retained witnesses who happen to be experts must provide summary disclosures. A summary disclosure must state the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C).

Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. *See Malibu Media, LLC v. Harrison,* No. 1:12–cv–01117, 2014 WL 6474065, at *2 (S. D. Ind. Nov.19, 2014) (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.,* 633 F.3d 1, 6 (1st Cir. 2011)). Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not "retained or specially employed to provide testimony." *Id.* In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure. *Id.* If the treating physician testifies beyond the scope of his observations, however, he is treated as a retained expert. *See also Brunswick v. Menard, Inc.,* No. 2:11 CV 247, 2013 WL 5291965, at *3 (N. D. Ind. Sept.19, 2013) (explaining that under the amended Rule 26, any physician who intends to testify must submit, at the very least, a summary report;

and whether such testimony calls for a full expert report depends on the breadth of the testimony); *accord Crabbs v. Wal–Mart Stores, Inc.,* No. 4:09–cv–00519–RAW, 2011 WL 499141, at *3 (S. D. Iowa Feb.4, 2011) (recognizing that amendments to Rule 26 supersede prior cases requiring full expert reports from non-retained experts who intend to present opinion testimony).

A treating physician disclosed under 26(a)(2)(C) may provide causation testimony if he or she formed such opinions during the course of treatment. *See EEOC v. AutoZone, Inc.,* 707 F.3d 824, 833 (7th Cir. 2013) (citing *Meyers v. Nat'l R.R. Passenger Corp.,* 619 F.3d 729, 734–35 (7th Cir. 2010)); *see also Brunswick*, 2013 WL 5291965, at *3-4. In *Meyers,* the Seventh Circuit held:

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment,* should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

619 F.3d at 734–35 (emphasis added). Although *Meyers* preceded the 2010 Amendment, the summary disclosure mandate of 26(a)(2)(C) creates a minimum requirement for non-retained experts and thus does not disturb the holding in *Meyers. See Brunswick,* 2013 WL 5291965, at *4 (explaining the purpose of the amendment).

The court now turns to the adequacy of Plaintiff's disclosures under 26(a)(2)(C). As noted above, the disclosure must include:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

3

Fed. R. Civ. P. 26(a)(2)(C). The advisory committee's notes state that "[t]his disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)" for retained experts. Fed. R. Civ. P. 26(a) advisory committee's note (2010). Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.* On the other hand, to guard against the prejudice of unfair surprise on opposing parties, and for 26(a)(2)(C) to have any meaning, summary disclosures must contain more than mere passing reference to the care a treating physician provided. *Hayes v. Am. Credit Acceptance, LLC,* No. 13–2413–RDR, 2014 WL 3927277, at *3 (D.Kan. Aug.12, 2014). They must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions. *Id.; see Anderson v. Bristol, Inc.,* 936 F.Supp.2d 1039, 1060 (S. D. Iowa 2013) (concluding that reference to medical records or merely stating a witness' connection to the case, without providing a summary of the expected testimony, does not comply with 26(a)(2)(C)).

Dr. Colteryahn is Plaintiff's treating physician. Plaintiff's summary disclosure provides, in relevant part:

> Plaintiff may call Dr. Kathryn Colteryahn [] as a witness at trial to testify about Plaintiff's patient history, examinations, diagnoses, treatment plans and recommendations, and other information consistent with Plaintiff's medical records and patient exam reports from IU Health West Hospital, previously produced by Plaintiff to Defendants in this action. Dr. Colteryahn may testify about Plaintiff's psychological condition following Stoops' unlawful termination of Plaintiff's employment and Dr. Colteryahn's reasons for referring Plaintiff to Dr. Borders for treatment.

(Filing No. 68-1, Plaintiff's Rule 26(a)(2) Disclosures, at 2).

Dr. Borders is a board certified psychiatrist who is employed at Hendricks Therapy in Danville, Indiana. Plaintiff's summary disclosure provides, in relevant part:

> Plaintiff may call Dr. Borders to testify at trial about Plaintiff's patient history, examinations, diagnoses, treatment plans and recommendations, and other information consistent with Plaintiff's medical records and patient exam reports from Hendricks Therapy, previously produced by Plaintiff to Defendants in this action.

(*Id.*). Defendant argues Plaintiff's summary disclosures fail to give adequate notice of the witnesses' expected testimony, as they fail to give the opinions the physicians will offer at trial nor a summary of facts supporting those opinions. The court agrees. Dr. Colteryahn's summary hints that Plaintiff's psychological issues stem from her termination; however, she fails to explain what Plaintiff's psychological condition is and the facts supporting that diagnosis. Dr. Borders' summary discloses even less. It merely states that he will testify consistent with Plaintiff's medical records. The court therefore finds Plaintiff's Rule 26(a)(2)(C) summary disclosures are deficient.

Failure to comply with the disclosure requirements set forth in Rule 26(a) results in the exclusion of improperly disclosed witnesses unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). The court has broad discretion in determining whether an error is harmless or justified, but it should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister v. Burton,* 636 F.3d 828, 833 (7th Cir. 2011) (quoting *Westefer v. Snyder,* 422 F.3d 570, 585 n.21 (7th Cir. 2005)).

The court finds the deficiencies in Plaintiff's summary disclosures do not warrant the sanction of exclusion. The court finds no evidence that Plaintiff acted in bad faith. Furthermore, the court finds Plaintiff's deficient disclosures may be cured in time for trial, thus alleviating any prejudice to Defendant. Accordingly, Plaintiff has fifteen (15) days from the date of this order to supplement the Rule 26(a)(2)(C) disclosures.

### B.    Rule 26(a)(2)(B) Disclosure of Dr. Borders

Plaintiff also disclosed Dr. Borders as a Rule 26(a)(2)(B) expert witness. As such, Dr. Borders was required to provide a signed written report that contains:

> (i) A complete statement of all opinions the witness will express and the basis and reason for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

As her Rule 26(a)(2)(B) disclosure, Plaintiff submitted a one-page letter signed by Dr. Borders. (Sealed Filing No. 69, May 19, 2015 Letter). Defendant argues the letter is deficient in that it contains only a conclusory statement about Plaintiff's psychological condition (depressed mood, etc.) as it relates to her termination and these legal proceedings. (*Id.*). Defendant further argues the report: (1) fails to provide a complete statement of all the opinions he will express at trial; (2) fails to include the facts or data he considered in forming his opinions; (3) fails to include any exhibits that will be used by him to summarize or support his opinions; (4) fails to provide his qualifications (such

6

as his educational and experiential background); and (5) fails to provide a statement of any compensation he has been paid for study of the case.

Plaintiff responds that she was not required to give a written expert report for Dr. Borders, and only provided one to Defendant "to give the Defendant[] as much information as possible regarding Dr. Borders' qualifications and his expected testimony." The parties therefore disagree as to whether Dr. Borders is a retained expert witness required to issue a Rule 26(a)(2)(B) expert report, or is a non-retained treating physician required only to give a summary report in compliance with Rule 26(a)(2)(C).

In *Malibu Media, LLC v. Harrison*, this court discussed the difference between a Rule 26(a)(2)(B) expert witness and a Rule 26(a)(2)(C) expert witness. 2014 WL 6474065, at * 2. "[A] 'treating physician' is a Rule 26(a)(2)(C) witness because he is a 'percipient witness' who has firsthand knowledge of the events giving rise to the litigation; on the other hand, a physician recruited for the purpose of giving testimony— rather than treatment—is a Rule 26(a)(2)(B) witness because he has no such firsthand involvement in the events giving rise to the litigation." *Id.* (citing *Downey*, 633 F.3d at 6). "Put another way, a treating physician is only retained when he 'gives opinions beyond the scope of his own observation.'" *Guarantee Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) (quoting *Zurba v. United States,* 202 F.R.D. 590, 592 (N. D. Ill. 2001)).

Defendant maintains Dr. Borders is a retained witness because: (1) he filed an expert report; (2) he first saw Plaintiff as a patient four months after this litigation began; (3) he provided an opinion regarding how the termination of her employment and this

litigation have affected her; and (4) he included his hourly rate for deposition and trial testimony. In addition, Defendant notes that Plaintiff objected to Defendant's subpoena to Dr. Borders because the "request for a complete copy of Dr. Borders' file relating to Ella Sun Martin may contain copies of documents containing correspondence between Dr. Borders and Plaintiff's attorney, trial preparation materials, and draft reports and disclosures." (Filing No. 68-5, Oct. 1, 2015 Letter from Mr. Quearry to Mr. Halbert at 1).

There are facts in the record, however, which cut against Defendant's characterization of Dr. Borders' expected testimony. For example, Plaintiff represents that: (1) Dr. Colteryahn referred Plaintiff to Dr. Borders for psychiatric treatment; (2) Dr. Borders' medical records pertained to her treatment dating from June 16, 2014 to August 6, 2015; and (3) Dr. Borders, per Hendricks Therapy, billed Plaintiff for those services.

As shown above, there are facts which support a finding that Dr. Borders is a retained expert, and facts which support a finding that he is a non-retained treating physician. Based on the record as a whole, the court finds the facts tip in favor of finding Dr. Borders is a non-retained treating physician because he indisputably *treated* Plaintiff for over a year. Retained experts do not treat the litigant for whom they provide expert testimony. Furthermore, Plaintiff seeks to call Dr. Borders only as a non-retained treating physician. Accordingly, Dr. Borders' testimony at trial shall be limited to providing opinions that are within the scope of his own observation. *Downey*, 633 F.3d at 7; *Guarantee Trust*, 291 F.R.D. at 237.

## II. Conclusion

The court finds both Dr. Colteryahn and Dr. Borders are non-retained treating physicians subject to the expert disclosures requirement set forth in Rule 26(a)(2)(C). The doctors' summaries, however, are not in compliance with the rule. Therefore, Plaintiff has fifteen (15) days from the date of this order to supplement her Rule 26(a)(2)(C) disclosures. Defendant's Motion to Exclude Plaintiff's Experts' Testimony is **DENIED**, but Defendant's Alternative Motion to Require Supplementation of Expert Disclosures is **GRANTED** (Filing No. 66).

**SO ORDERED** this 28th day of July 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.